1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Lawrence T. Brown,

              Plaintiff,

    v.

Board of County Commissioner, et al.,

              Defendants.

Case No. 2:25-cv-00159-GMN-DJA

**Order**

       Pro se Plaintiff Lawrence T. Brown filed an application to proceed *in forma pauperis*. (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.     Discussion.**

       Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

       The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff's application contains unclear and contradictory information.  In answering question 1, Plaintiff claims to have made $0 from employment, self-employment, income from real property, interest and dividends, gifts, alimony, or child support in the past twelve months and expects to make $0 in these categories in the next month.  He does not include anything in the spaces indicating how much his spouse makes in these categories.  However, also in response to question 1, Plaintiff does not fill out the boxes indicating how much he receives in retirement, disability, unemployment payments, public assistance, or other sources, but fills out that his spouse expects to make $0 in these categories next month.  He does not indicate how much his spouse has received in these categories in the past twelve months.

In response to question 2, Plaintiff claims to make $0 in gross monthly pay.  But he does not fill out the rest of the question, requesting his employment history for the past two years, and his employers' names, addresses, and his dates of employment.  In response to question 3, Plaintiff claims that his spouse makes $0 in gross monthly pay, but does not fill out the rest of the question, requesting his spouse's employment history for the past two years, and their employers' names, addresses, and their dates of employment.  Plaintiff leaves question 4, asking how much he and his spouse have in cash, blank.  He partially fills out the rest of the question by indicating that his spouse has $0 in bank accounts or financial institutions, but does not answer the rest of the question, asking for the name of each institution, the type, or the amount that *he* has in those accounts or financial institutions.

1    In response to question 5, Plaintiff claims to have no assets.  And in response to 8,

2    Plaintiff claims to have $0 in bills, and responds "SNAP" to the category asking how much he

3    pays in food each month.  He responds "N/A" to the questions asking about the amount his

4    spouse pays in bills each month.  In response to question 11, Plaintiff provides that he is homeless

5    and relies on SNAP benefits.  However, on the docket, Plaintiff includes an address.  Public

6    records indicate that the address is a house.  But Plaintiff provides no explanation about why he

7    lists this house as his address or how he lives there—if he indeed does—given his assertion to

8    have no money and no bills.

9    Given these contradictions, the Court cannot determine whether Plaintiff qualifies for *in*

10   *forma pauperis* status.  The Court will give Plaintiff one opportunity to file a complete *in forma*

11   *pauperis* application on this Court's Long Form application.  The Court further orders that

12   Plaintiff may not respond with a zero or "not applicable" in response to any question without

13   providing an explanation for each of the questions.  Plaintiff also may not leave any questions

14   blank.  Plaintiff must describe each source of money that he receives, state the amount he

15   received, and what he expects to receive in the future.

16   The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court

17   gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable

18   questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.

19   Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

20

21   **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

22   *pauperis* (ECF No. 1) is **denied without prejudice.**

23   **IT IS FURTHER ORDERED** that Plaintiff has until **April 21, 2025,** to file an updated

24   application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  Failure to

25   timely comply with this order may result in a recommendation to the district judge that this case

26   be dismissed.

27

28

1    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff

2   a copy of this order and of the Long Form application to proceed *in forma pauperis* and its

3   instructions.[1]

4

5   DATED: March 21, 2025

6   _____

7   DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.