UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lawrence T. Brown, | Case No. 2:25-cv-00159-GMN-DJA |
| Plaintiff, | |
| v. | Order |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 4). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not state a claim upon which relief can be granted, it dismisses his complaint with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 4). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

As Plaintiff has been granted leave to proceed *in forma pauperis*, this Court will therefore screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given

leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

Plaintiff sues the Las Vegas Metropolitan Police Department ("LVMPD"), the LVMPD Sheriff, the Board of Clark County Commissioners, LVMPD Officer Castillo, LVMPD Officer Furnas, LVMPD Sergeant Cooney, and Doe Clark County Detention Center ("CCDC") nurses.  He alleges that these Defendants violated his constitutional rights over a period of twenty years.  He generally claims that the Defendants falsely arrested him, conducted warrantless searches, surveilled him illegally, used excessive force against him, and were deliberately indifferent to his medical needs.

Most of Plaintiff's claims are barred by the statute of limitations.  Because Plaintiff seeks to sue state actors for violations of his constitutional rights, his claims arise under 28 U.S.C. § 1983.  *See Gonzaga University v. Doe*, 536 U.S. 273, 279 (2002).  However, the statute of limitations for a § 1983 claim is two years.  *See Fink v. Shedler*, 192 .3d 911, 914 (9th Cir. 1999) (holding that federal courts apply the forum state's personal injury statute of limitations for § 1983 claims); Nev. Rev. Stat. § 11.190(4)(e) (providing that the personal injury statute of limitations in Nevada is two years).  So, Plaintiff's claims related to constitutional violations that he alleges occurred between 2005 and 2013 are time barred.

The remainder of Plaintiff's claims do not contain sufficient facts for the Court to find that Plaintiff has stated a claim upon which relief can be granted.  Plaintiff references three incidents for which he sues the Defendants.  But he provides little detail about these three incidents.

First, Plaintiff claims that he was in a car accident with a bus on July 21, 2023.  (ECF No. 1-1 at 16).  He claims that "LVMPD Officer Brown erroneously cited [him] for an illegal lane change" following the accident.  (*Id.*).  Plaintiff alleges that he filed an internal complaint with

1  LVMPD against Brown following the accident, but received no meaningful resolution beyond
2  being informed that Brown acted "unprofessionally." (*Id.*).

3  Second, Plaintiff claims that officers—who he does not name—falsely arrested him on
4  July 31, 2023, during a traffic stop. (*Id.*). Plaintiff asserts that the officers ordered him to roll
5  down his back window "unnecessarily" and that Plaintiff had "peacefully assert[ed] [his] Fourth
6  Amendment rights." (*Id.*). Plaintiff also claims that the officers used excessive force and made
7  comments during the arrest that led Plaintiff to believe that the officers were retaliating against
8  him for a prior statement Plaintiff had provided during a 2005 arrest. (*Id.*).

9  Third, Plaintiff alleges that on March 3, 2024, he was resting on a pedestrian bridge due to
10 asthma related breathing difficulties he was experiencing. (*Id.*). Two LVMPD officers—who he
11 does not name—"approached [him] citing Clark County's pedestrian flow zone ordinance." (*Id.*).
12 Plaintiff claims that, after he questioned the officers about how the ordinance could apply to
13 individuals with disabilities like him, officers "escalated the encounter using excessive force."
14 (*Id.*). Plaintiff alleges that, following the incident, on March 4, 2024, he experienced an asthma
15 attack at the Clark County Detention Center, which attack medical staff initially treated, but
16 officers mocked and eventually declined to treat. (*Id.*).

17 Plaintiff does not provide sufficient detail about these incidents for the Court to find that
18 he has stated a claim upon which relief can be granted. Plaintiff does not describe which
19 Defendants violated his rights, which right he claims each Defendant violated, or how. Plaintiff
20 often does not name the individuals he claims violated his rights. He also fails to provide
21 sufficient factual detail about each incident for the Court to understand exactly what happened.
22 So, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend.
23 Because Plaintiff claims that he is receiving mail at his mother's address in Indiana, where he
24 does not reside, the Court will give Plaintiff sixty days to amend his complaint.

25

26 **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*
27 *pauperis* (ECF No. 4) is **granted.** Plaintiff shall not be required to pre-pay the filing fee.
28 Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of

any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **August 29, 2025,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: June 30, 2025

                                             DANIEL J. ALBREGTS
                                             UNITED STATES MAGISTRATE JUDGE