**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAWRENCE T. BROWN,

Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONER, *et al.*,

Defendants.

Case No.: 2:25-cv-00159-GMN-DJA

**ORDER DISMISSING CASE**

Plaintiff Jose Luis Babin initiated this case on January 27, 2025. (ECF No. 1). Magistrate Judge Albregts granted Plaintiff's application to proceed *in forma pauperis* in June 2025. (Order, ECF No. 3). Plaintiff paid the filing fee on September 24, 2024, and his Complaint was subsequently filed on the docket. (Compl., ECF No. 5). The Court was notified that mail to Plaintiff was returned as undeliverable on July 7, 2025. (ECF No. 9). Magistrate Judge Albregts then ordered Plaintiff to file an amended complaint and update his address no later than July 6, 2026, and warned that failure to do so would result in the recommended dismissal of this case. (Order, ECF No. 12). To date, Plaintiff has failed to file an amended complaint in compliance with Rule 11, and has not updated his address on the docket. As a result, the Court dismisses the case without prejudice.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits,

and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal.

The fifth factor requires the Court to consider whether less-drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed without Plaintiff's updated address, the only alternative is to enter another order setting another deadline. The circumstances here do not indicate that Plaintiff needs additional time. Therefore, setting another deadline is not a meaningful alternative. So, the fifth factor favors dismissal. On balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding that dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

///

///

///

///

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for Plaintiff's failure to update his address in compliance with the Court's deadline.

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order, (ECF No. 10), is **DENIED as moot.**

The Clerk of Court is kindly directed to close this case.

Dated this 3 day of August, 2026.

Gloria M. Navarro, District Judge
United States District Court